**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 2:09-cv-02101-JEO |
| | ) | |
| GEOTECHNICAL ENGINEERING TESTING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This is a diversity action in which the insurer plaintiff, Employers Mutual Casualty

Company ("Employers Mutual"), seeks a declaratory judgment relating to whether and to what

extent it is obligated under a commercial general liability ("CGL") policy and an umbrella policy

to defend and indemnify its insured in an underlying lawsuit.  (See Doc. 1[1] ("Complaint")).  The

matter is now before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c) and FED.

R. CIV. P. 72(a) on a motion to dismiss or, in the alternative, to transfer venue, filed by the

insured defendant, Geotechnical Engineering Testing, Inc. ("Geotech").  (Doc. 7).  The parties

have briefed the motion.  (Doc. 8, 10 & 11).  Oral argument was conducted on April 22, 2010.

Based on the briefs, the evidentiary submissions (doc. 9), arguments of counsel, and relevant case

law, the undersigned finds that the motion is due to be denied.

I.      **BACKGROUND**

On May 6, 2008, eighty-four individuals filed an eight-count complaint in the Circuit

Court of Washington County, Alabama (the "underlying action"), against several defendants,

---

[1] References herein to "Doc. ___" are to the electronic document numbers assigned by the Clerk of the Court.

including Geotech.  (See Doc. 1-1, Ex. A (Underlying Complaint")).  The main thrust of the underlying action is that the defendants contributed to the contamination in the McIntosh community to which the plaintiffs and their property were exposed.[2]  (*Id*.)

Employers Mutual issued a CGL policy and an umbrella policy to Geotech, both of which were effective April 29, 1995, and which were renewed through April 29, 2007.  (Complaint at ¶¶ 9-10).  Pursuant to a strict reservation of rights, Employers Mutual retained legal counsel to defend Geotech in the underlying action.  (Doc. 7 at 3).  On August 29, 2008, Employers Mutual filed a motion for limited permissive intervention in the underlying action (doc. 9-1, Ex. A), and on February 9, 2009, the Circuit Court of Washington County granted that motion (doc. 9-3, Ex. C).

On October 16, 2009, Employers Mutual filed a complaint for declaratory judgment in this court seeking a determination of whether it owes a duty to defend and/or indemnify Geotech in the underlying state court action.  (Complaint at 13).  Geotech has moved to dismiss Employers Mutual's claim based on ALABAMA CODE § 6-5-440 (1975), which states that, "[n]o plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party."  (Doc. 7 at 1).  As a separate ground for dismissal, Geotech argues that this court should abstain from hearing this declaratory judgment action because any coverage questions would be better settled in state court in the underlying action. (*Id*.)  In the alternative to dismissal, Geotech requests a transfer of venue to the Southern District

---

[2]  The underlying action includes 84 individual plaintiffs all of whom assert claims for (1) trespass; (2) nuisance; (3) negligence; (4) wantonness; (5) strict liability; (6) fraud; (7) unjust enrichment; and (8) conspiracy, against all the underlying defendants, based on the alleged presence of certain environmental contaminates in their community.  (Complaint at ¶ 6).

of Alabama pursuant to 28 U.S.C. § 1404 (2006).  (*Id*. at 1-2).[3]

## II.   STANDARD OF REVIEW

The applicable considerations herein were noted by United States District Court Judge

William Steele in *Travelers Casualty and Surety Company of America, Inc. v. East Beach*

*Development, LLC*, 07-0347-WS-B, 2007 WL 3407049 (S.D. Ala. Nov. 9, 2007):

> ....  It is well-settled that the Declaratory Judgment Act "confer[s] on
> federal courts unique and substantial discretion in deciding whether to declare the
> rights of litigants."  *Wilton v. Seven Falls Co*., 515 U.S. 277, 286, 115 S. Ct. 2137,
> 132 L. Ed. 2d 214 (1995).  Indeed, the Supreme Court has "repeatedly
> characterized the Declaratory Judgment Act as an enabling Act, which confers a
> discretion on the courts rather than an absolute right upon the litigant."  515 U.S.
> at 287 (citations omitted).  As the Eleventh Circuit has observed, the Act "only
> gives the federal courts competence to make a declaration of rights; it does not
> impose a duty to do so."  *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d
> 1328, 1330 (11th Cir.2005).[4]  "The desire of insurance companies ... to receive
> declarations in federal court on matters of purely state law has no special call on
> the federal forum ."  *State Auto Ins. Companies v. Summy*, 234 F.3d 131, 136 (3rd
> Cir. 2000).

*Id*., at *4; *see also Travelers Casualty and Surety Company of America, Inc. v. Henry County*

*Board of Education*, 1:07-cv-1054-WSD, 2008 WL 160775, *3 (N.D. Ga. Jan. 15, 2008).

The burden of establishing a federal court's subject-matter jurisdiction, once challenged,

rests on the party asserting jurisdiction.  *See Thomson v. Gaskill*, 315 U.S. 442, 445, 62 S. Ct.

---

[3]  Because Employers Mutual is a citizen of Iowa and Geotechnical is an Alabama corporation, and the claimed amount in controversy exceeds $75,000.00, as evidenced by the claims and allegations, this court can exercise diversity jurisdiction over this action.  28 U.S.C. § 1332(a).

[4]  In support of this proposition, the court stated:

> *See also Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc*., 420 F.3d 1317, 1324-25 (11th Cir. 2005) (explaining that district court's exercise of authority to proceed in declaratory judgment action is reviewed for abuse of discretion and that there is a zone of choice within which trial courts may go either way); *Prudential Ins. Co. of America v. Doe*, 140 F.3d 785, 789 (8th Cir. 1998) ("The Supreme Court's decision in *Wilton* ... vests the district courts with broad discretion in deciding whether to hear a declaratory judgment action.").

*Id*., at n.8.

673 (1942); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953 (1980).[5]

## III.   DISCUSSION

As noted previously herein, Geotech asks this court to dismiss the plaintiff's declaratory judgment action on two grounds.  First, Geotech asserts that dismissal is warranted based on Alabama's abatement statute (ALA. CODE § 6-5-440), in that Employers Mutual is seeking to prosecute two actions in violation of Alabama law.  (Doc. 7 at 1).  Second, Geotech asserts that this court should dismiss this action based on the *Wilton/Brillhart* Abstention Doctrine.[6]  (*Id.*) Lastly, Geotech asserts, in the alternative, that this court should transfer venue pursuant to 28 U.S.C. § 1404 because the Southern District of Alabama is a more convenient forum.  (*Id.* at 1-2).

### A.   Section 6-5-440 Considerations

Under Alabama law, "[n]o plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party...."  ALA. CODE § 6-5-440.  The phrase "courts of this state" includes federal district courts in Alabama.  *American Cas. Co. of Reading, Pennsylvania v. Slilstaf, Inc.*, --- F. Supp. 2d ---- , 2010 WL 996430, *1-2 (M.D. Ala. March 18, 2010); *Terrell v. City of Bessemer*, 406 So. 2d 337, 338 (Ala. 1981). Section 6-5-440 is meant to "prevent unnecessary and vexatious litigation."  *Shepherd v. Maritime Overseas Corp.*, 614 So. 2d 1048, 1050 (Ala. 1993).  Put another way, the "purpose of

---

[5]  In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) ( en banc ), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

[6]  This doctrine derives its name from two Supreme Court cases, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137 (1995), and *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S. Ct. 1173 (1942).

§ 6-5-440 is to prevent a party from having to defend against two suits in different courts at the same time brought by the same plaintiff on the same cause of action." *L.A. Draper & Son, Inc. v. Wheelabrator-Frye, Inc.*, 454 So. 2d 506, 508 (Ala. 1984).

To determine whether § 6-5-440 applies in this instance first involves the question of "whether a judgment in one suit would be *res judicata* of the other [suit]."[7] *Sessions v. Jack Cole Co.*, 158 So. 2d 652, 654-55 (Ala. 1963). Whether a judgment in one suit would be *res judicata* in the other depends on "whether the issues in the two suits are the same and whether the same evidence would support a recovery in both suits." *Sessions*, 158 So. 2d at 655.

The question presented to the undersigned is whether Employers Mutual has a duty to defend and/or indemnify Geotech for its liability in the underlying action. The state court, on the other hand, will determine in the first instance whether Geotech is liable to the underlying plaintiffs. These issues are distinct. Whereas the evidence in the state court proceedings will center on the alleged contamination in the McIntosh Community, the evidence in this declaratory judgment will focus principally on the language of the insurance policies issued to Geotech by Employers Mutual and the underlying complaint itself. Therefore, a determination in this court as to the duty of Employers Mutual to defend and/or indemnify will not be dispositive as to the underlying action pending in state court. However, a determination of insurance coverage issues in this court pursuant to a declaratory judgment is both common and appropriate. *See Continental Cas. Co. v. Coastal Sav. Bank*, 977 F.2d 734, 737 (2d Cir. 1992) ("[T]he respective

---

[7] United States District Judge Myron Thompson recently rejected the holdings in *Simmons v. Pulmosan Safety Equipment*, 471 F. Supp. 999 (S.D. Ala. 1970) (Thomas, J.) and *Central Reseve Life Insurance v. Kiefer*, 211 F.R. D. 445 (S.D. Ala. 2002) (Butler, J.), relied upon by the plaintiff herein (see doc. 8 at 4) and held "instead that, for a district court sitting in diversity, § 6-5-440 should 'not ... play[ ] any role in the decision whether to retain or dispose of ... litigation.[ ]'" *Skilstaf*, 2010 WL 996430 at *3. Instead, he found that *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S. Ct. 1236 (1976), was controlling.

interests and obligations of insured and insurers, when disputed, require determination much in advance of judgment since they will designate the bearer of ultimate liability in the underlying cases and hence the bearer of the onus and risks of settlement....").[8]

Geotech argues that this action is due to be dismissed under § 6-5-440 based on several facts.  First, Employers Mutual became an intervening plaintiff in the state action after filing and having its motion for limited permissive intervention granted.  Second, Employers Mutual can review the discovery responses and pleadings, attend depositions, and submit special interrogatories and/or jury verdict forms in the state court action.  (Doc. 7 at 4-5).  Therefore, Geotech concludes that Employers Mutual is receiving and will receive the requested relief from the state court.  (Doc. 11 at 3).  Third, Geotech argues that the findings made by the jury in answering the special interrogatories in state court will be binding on Geotech, and those same findings should be binding on Employers Mutual as well.  (*Id*.)  Finally, Geotech argues that Employers Mutual is prosecuting two different actions because the term prosecution means "something more than starting or commencing an action," but is instead defined by Black's Law Dictionary as "every step in [an] action, from its commencement to its final determination."

---

[8]To the extent that the plaintiff seeks a determination of its duty to indemnify the defendant under the insurance policy, the court notes that the issue appears to be premature at this juncture.  *See, e.g., Pennsylvania Nat. Mut. Cas. Ins. v. Roberts*, 550 F. Supp. 2d 1295, 1302 (S.D. Ala. 2008) (because the underlying action remains ongoing at this time, the duty to indemnify aspect of this action is due to be dismissed because any indemnification obligations are hypothetical and contingent at this time); *Colony Ins. Co. v. Floyd's Professional Tree Service*, 2008 WL 2705123, *3 (M.D. Ala. July 9, 2008) (the defendant may still prevail in the underlying suits and if he does, the indemnification issue is moot and the court would never reach the issue, therefore, resolving the duty to indemnify before the underlying state cases conclude risks wasting judicial resources); *W.G. Yates & Sons Const. Co. v. Zurich American*, 2008 WL 161921 at *6 (January 8, 2008) ("There is abundant support in the case law for the proposition that 'an insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit.'"); *Employers Mut. Cas. Co. v. All Seasons Window & Door*, 387 F. Supp. 2d 1205, 1211-12 (S.D. Ala. 2005) ("It is simply inappropriate to exercise jurisdiction over an action seeking a declaration of the plaintiff's indemnity obligations absent a determination of the insureds' liability to the movants."); *State Farm Fire and Cas. v. Myrick*, 2007 WL 3120262, *2 (M.D. Ala. Oct. 23, 2007) ("Resolving the duty to indemnify before the underlying case is concluded could potentially waste resources of the court because the duty to indemnify could become moot if the insured prevails in the underlying lawsuit.).  There have been no judgments rendered in the underlying action and, accordingly, the issue does not appear to be appropriate for adjudication now.  This matter will be addressed more fully at the appropriate juncture in subsequent proceedings.

(Doc. 11 at 3).

Although recognizing and appreciating Geotech's arguments, it has not satisfied this court that a determination in this action would be *res judicata* in the underlying action. Moreover, Geotech does not cite to a single case in which this court, or any other court for that matter, has applied § 6-5-440 to justify dismissal based on circumstances similar to those in this case–that is, a limited permissive intervention in an underlying state court action and a declaratory judgment action in a federal district court.  Nor could this court find any such precedent.  To the contrary, in *State Farm Fire and Casualty Company v. Myrick*, 2007 WL 3120262, the court found otherwise.  Specifically, in *Myrick* the insurer filed an action in federal court seeking a declaratory judgment that it had no duty to defend or indemnify its insureds in a state court action.  The federal action was filed approximately ten days before the insurer filed a motion to intervene in the underlying state action seeking to present either special interrogatories to the jury or evidence relating to insurance coverage to the jury in a bifurcated trial.  *Id*. at *1. The state court granted the motion to intervene and State Farm withdrew its request for a bifurcated trial.  The insureds filed a motion to dismiss the federal action, asserting, among other things, the federal action was due to be dismissed under § 6-5-440 because the insurer was prosecuting two actions simultaneously.  *Id*. at *3.  Denying the motion to dismiss, the court stated that the issues in the federal case were "distinct from the issue in the state court action, and different evidence will be presented."  *Id*.  The court further stated, in pertinent part, as follows:

> .... The jury in the state court action will hear evidence of the dispute between Martin and the Myricks to determine if the Myricks are liable to Martin, and based on that evidence will answer special interrogatories to "resolve questions of liability insurance coverage arising from the circumstances of this case."  ( See Pl.' Reply Br. Mot. to Dismiss ¶ 8.)  On the other hand, different facts underlie the

7

duty to defend because it is " 'determined by the language of the insurance policy and by the allegations in the complaint giving rise to the action against the insured.' " *State Nat. Ins. Co. v. Affordable Homes of Troy, LLC*, 368 F. Supp. 2d 1281, 1287 (M.D. Ala. 2005) (quoting *Ajdarodini v. State Auto Mut. Ins. Co.*, 628 So. 2d 312, 313 (Ala. 1993)).  Accordingly, State Farm is not prosecuting two actions simultaneously because the issues involved in the state and federal court actions are distinct.

*Id*.

There is no indication that a ruling by this court on the insurance coverage issues would be *res judicata* in the underlying action, and there is no precedent to make this court think otherwise.  Accordingly, the court concludes that § 6-5-440 does not bar this action and warrant dismissal of the same.[9]

## B.    Abstention

### 1.    Same Issues

Geotech next argues that the court should dismiss this action based upon the *Wilton/Brillhart* abstention doctrine.  (Doc. 7 at 1).  As noted above, the Eleventh Circuit has stated that the Declaratory Judgment Act allows a court a great amount of discretion in deciding

---

[9] The undersigned has resolved this aspect of the motion premised on the arguments presented by the parties.  The result would be the same under the *Colorado River* doctrine which requires the court to consider the following in determining whether to abstain in favor of a concurrent state proceeding:

"(1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties."

*Skilstaf*, 2010 WL 996430 at *4 (citing *TranSouth Financial v. Bell*, 149 F .3d 1292 (11th Cir. 1998)).

Applying the foregoing, the court notes that (1) it has not assumed jurisdiction over any property; (2) other than as discussed herein, the court does not see the federal forum being more inconvenient than the state forum; (3) the matter was first presented in the state court and an order entered well before this matter was filed; (4) the prospect of piecemeal litigation may be avoided because coverage claims are generally matters of law and should be resolved with due speed; (5) disposition of this matter resolves application of state law; and, (6) although the court does not doubt that the state court will adequately protect the rights of all parties to the extent possible, the issue presently before this court cannot be explored and developed in that setting to the same extent it can be in this court.

whether to exercise jurisdiction.  *Ameritas Variable Life Ins. Co.*, 411 F.3d at 1330 (citing

*Wilton*, 414 U.S. at 287 (citations omitted)).  The Eleventh Circuit has further noted that

> the Supreme Court has expressed that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." [ ]  The Supreme Court has warned that gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Ameritas Variable Life Ins. Co.*, 411 F.3d at 1330 (citation omitted).  The Eleventh Circuit has

listed nine "factors for consideration to aid district courts in balancing state and federal

interests."[10]  *Id.* at 1331.  However, these factors arguably are not relevant because this

declaratory judgment action does not "present[ ] the same issues ... between the same parties" as

---

[10] Those factors include:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

> (2) whether the judgment in the federal declaratory action would settle the controversy;

> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"- that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;

> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

> (6) whether there is an alternative remedy that is better or more effective;

> (7) whether the underlying factual issues are important to an informed resolution of the case;

> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Roach*, 411 F.3d at 1331.  The court further noted that the "list is neither absolute nor is any one factor controlling; these are merely guideposts in furtherance of the Supreme Court's admonitions in *Brillhart* and *Wilton*."  *Id.*

is required for abstention.  *Brillhart*, 316 U.S. at 495.  That is, "in the absence of parallel

state-court proceedings, *Wilton/Brillhart* abstention is inappropriate on its face."  *Travelers Cas.*

*And Sur. Co. of Amer., Inc. v. East Beach Development, LLC*, 2007 WL 3407049 at *12.

This court has already explained that the issues and evidence in the underlying action and

this declaratory action are related, but they are not the same and do not constitute parallel

litigation.  Specifically, the impact of this court determining the declaratory judgment action will

not affect the state court plaintiffs' claims or the judgment in the underlying action.  Thus, the

"mere pendency of another action involving the same set of facts does not in and of itself

preclude the exercise of declaratory jurisdiction."  *Continental Cas. Co. v. Coastal Sav. Bank*,

977 F.2d 734, 737 (2d Cir. 1992) (quoting 6A James W. Moore et al., Moore's Federal Practice

57.08  977, at 57-58 (2d ed. 1992)).  Accordingly, dismissal is not appropriate under

*Wilton/Brillhart* because this action does not raise the same issues between the same parties.

### 2.  *Wilton/Brillhart* Factors

To the extent that the proceedings could be deemed to present the same issues, the court

finds that the *Wilton/Brillhart* factors do not justify abstention.

### a.  State's Interest

The first consideration involves "the strength of the state's interest in having the issues

raised in the federal declaratory action decided in the state courts."  *Ameritas*, 411 F.3d at 1331.

The defendant argues that the Washington County Circuit Court has "a substantial interest in

deciding the issues raised in this lawsuit" and "any ruling on [Employers Mutual's] insurance

coverage for [Geotech] in this action may have profound implications for that state court

litigation."  (Doc. 8 at 9).  Additionally, the defendant argues that "this action concerns the

interpretation of two insurance policies issued to an Alabama business for its activities in Alabama, and whether those policies extend coverage to an Alabama business for alleged wrongs to Alabama citizens." (*Id*.) The plaintiff retorts that this "factor is inapplicable because the issues raised in th[is] action ... **will not** be decided in the state court. [Employers Mutual's] intervention is limited to submitting special interrogatories to the jury and the court will not rule on the existence of coverage." (Doc. 10 at 8 (bold in original)). Neither position is as clear as the parties argue. First, the defendant does not articulate the "profound implications" that resolution of the coverage issue will have on the state court litigation. The undersigned does recognize that if it is determined that there is no duty to defend on the part of Employers Mutual, Geotech may have to make additional arrangements with counsel or retain new counsel.[11] However, that fact is not controlling. Second, the plaintiff's assertion that the state court will not decide the issue raised herein also is not as straight-forward as suggested. The way the state case is postured, the trial judge may propound interrogatories to the jury.[12] However, as noted by the plaintiff, the state court has not agreed to address any legal (non-jury) questions related to the duty to defend. In sum, this factor does not weigh strongly in favor of either side.

## 2.    Finality

The second consideration concerns whether a judgment in this action will settle the controversy. *Ameritas*, 411 F.3d at 1331. The defendant argues that a judgment by this court may resolve the insurance coverage issue, but it would not resolve any of the issues in the

---

[11]  This is less of a concern than originally thought because the court learned during oral argument that Geotech also presently is represented by other counsel.

[12]  Specifically, the court stated, "The Court, in its discretion, reserves the right to refuse to propound any of the proposed interrogatories to the jury." (Doc. 9-3 (Ex. C)).

underlying action against Geotech.  (Doc. 8 at 10).  The defendant further asserts that any ruling

by this court "would presumably be left to the Washington County Circuit Court to implement."

(*Id*.)  The plaintiff counters that the two issues "simply do not overlap, and the state court action

does not address the controversy between EMC and Geotech.  The two issues are not pending in

the same proceeding."  (Doc. 10 at 8).  Employers Mutual also asserts that "there will be no

reason for the state court to 'implement' any ruling by this court."  (*Id*.)

This court concludes that a determination of the insurance issue presented herein would

only resolve the coverage question and nothing more.  The court further notes that should it

determine that the plaintiff is under no duty to provide Geotech with a defense, that ruling might

find its way to the state court should present counsel move to withdraw from further

representation of Geotech in that case if it is no longer being paid by Employers Mutual.

However, if this court fails to act, the coverage question will go unresolved.  Thus, the

undersigned concludes the only way to achieve finality is for this court to address the matter

presented by the plaintiff herein.

### 3.      Any Useful Purpose

The third consideration is whether this action "would serve a useful purpose in clarifying

the legal relations at issue."  *Ameritas*, 411 F.3d at 1331.  The defendant initially argues that the

plaintiff does not detail its legal contentions concerning the coverage issues and the court is left

to speculate as to the same.  (Doc. 8 at 11).  It also reiterates that there is no special federal

interest in resolving insurance matters involving state law.  (*Id*.)  The plaintiff retorts that "[t]he

state court has not been asked and will not be in a position to 'clarify the parties' legal

relationship" and that court "will not be making any rulings or clarifications as to the dispute

12

between EMC and Geotech."  (Doc. 10 at 8-9).  At the hearing on the motion to dismiss, the plaintiff specified that the coverage issues concern the "pollution exclusion" and "occurrence" provisions in the relevant policies.

Upon consideration, it is clear the state court proceeding will only address matters to be resolved by a jury.  This proceeding is intended to address the pertinent legal matters articulated by the plaintiff at the hearing–that is, the coverage issues.  Accordingly, the court finds that this factor weighs in favor of exercising jurisdiction in the instant matter.

4.        "**Procedural Fencing**"

The fourth consideration is "whether the declaratory remedy is being used merely for the purpose of 'procedural fencing'–  that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable."  *Ameritas*, 411 F.3d at 1331.  The defendant states that although there does not appear to be the "procedural fencing" involved in other cases, it does question why Employers Mutual is seeking a federal declaratory judgment after seeking intervention in the state court proceeding, over the objection of its insured, and after being granted the right to do so.[13]  (Doc. 8 at 11-12).  The plaintiff retorts that both the "limited intervention in state court" and "this declaratory judgment action" are necessary to determine the existence of coverage."  (Doc. 10 at 9).  As noted above, it appears that under the present circumstances, both actions are necessary to determine the coverage issues.  This factor, therefore, does not weigh in favor of declining to exercise jurisdiction.

---

[13]  In support of this argument, the defendant notes that Employers Mutual stated in the "state court motion that 'in this matter, *a separate declaratory judgment action would not enable the Court to determine the basis for a jury's general verdict*.'"  (Doc. 8 at 12 (emphasis in original)).

13

### 5.     State Court Friction

The next consideration is "whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction." *Ameritas*, 411 F.3d at 1331.  The defendant notes that if this court exercises jurisdiction in this matter, it "might effectively result in a foot race between federal and state courts to resolve the issues first, with the faster court's disposition becoming binding on the slower court through *res judicata*."  (Doc. 8 at 13).  The plaintiff responds that there will be no friction as the state court will not be deciding the issue raised in this action–thus, "there will be no *res judicata* issue." (Doc. 10 at 9).  The court agrees with the plaintiff.  As already noted, the state court will not be addressing the legal arguments concerning coverage.  This action should create no friction between the federal and state courts as this court is not taking any decision making authority away from the state court.  Accordingly, this factor weighs in favor of exercising jurisdiction.

### 6.     Alternative Remedy

The sixth consideration is "whether there is an alternative remedy that is better or more effective."  *Ameritas*, 411 F.3d at 1331.  The defendant states that the pending state court action clearly "is a superior remedy to conducting litigation in two courts."  (Doc. 8 at 13).  The plaintiff retorts that the state court "will not address or rule on the existence of coverage" and the plaintiff's participation in the state action "is limited to submitting special interrogatories." (Doc. 10 at 10).  The undersigned finds the coverage question before this court to be a discrete legal issue that can be readily resolved without doing harm to the state court proceedings that will not be addressing any legal arguments concerning coverage.  To the extent, coverage ultimately must include the determination of the jury, the state court correctly and wisely has left that matter

14

open for their consideration.  Thus, this factor weighs in favor of exercising jurisdiction.

### 7.     Resolution of Any Factual Issues

The seventh and eighth considerations, "whether the underlying factual issues are important to an informed resolution of the case" and "whether the state trial court is in a better position to evaluate those factual issues than is the federal court" should be addressed together. *Ameritas*, 411 F.3d at 1331.  The defendant argues that, although Employers Mutual has not identified any particular factual disputes to be determined in this case, the state court is the more efficient court to examine and evaluate the same.  (Doc. 8 at 14).  The plaintiff retorts, "While the underlying allegations and factual issues may have an impact on coverage, there will be no need to duplicate the fact-finding process.  The allegations and/or facts established in the state court case, as well as the jury's answers to any special interrogatories, can be applied and used in aid of determining whether coverage exists."  (Doc. 10 at 10).  As just noted, to the extent that factual issues remain after this court addresses any legal issues, the use of interrogatories in the state court should resolve the same.  By way of example, if some of the state court plaintiffs' claims are covered and others are not, a special interrogatory to the jury identifying the specific claim on which the jury determines liability would resolve that factual matter.  Thus, this consideration does not favor abstention in this matter.

### 8.     State Versus Federal Law Considerations

The ninth consideration is "whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action."  *Ameritas*, 411 F.3d at 1331.  The defendant argues that the issues in this case are "exclusively state law issues."  (Doc. 8 at 15).

15

The plaintiff retorts that although the issues involved are a matter of state law, "federal district courts are very often called upon to apply Alabama law and rule on insurance coverage issues in declaratory judgment actions such as this one.  There is nothing unique or different about this case." (Doc. 10 at 10).  There is no federal law, practice or other consideration that "dictates a resolution" of this action.  It is purely a question of state law.  This factor favors abstention.

### 9.   Conclusion

In sum, the court finds that the relevant factors warrant the exercise of jurisdiction in this case.  The motion to dismiss is due to be denied on this challenge.

### C.   Venue

Geotech also argues that this case should be transferred to the Southern District of Alabama pursuant to 28 U.S.C. § 1404(a).  (Doc. 7 at 1-2).  Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The three considerations for a transfer of venue pursuant to § 1404(a) are: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice.  *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).  However, the general rule is that "'[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations.'"  *Id.* (quoting *Howell v. Tanner*, 650 F.2d 610 (5th Cir. 1981)).

Geotech argues that all three factors favor a transfer to the Southern District of Alabama.  Most notably, Geotech directs this court's attention to the location of the witnesses, which it characterizes as the most important factor.  (Doc. 8 at 20).  Geotech is right that the location of

witnesses is extremely important.  Even so, the "federal courts have accorded a plaintiff's choice of forum considerable deference."  *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508).  Furthermore, this factor does not support transfer, as Geotech claims.  Geotech focuses on the location of the 84 plaintiffs in the underlying action.  (Doc. 8 at 21).  However, these individuals will unlikely be witnesses for purposes of this declaratory judgment.  Instead, this court will be more interested in the provisions of the insurance contracts and the complaint in the underlying action.  Similarly, the convenience to the parties is not particularly decisive on this issue.  Finally, Geotech's argument that the interests of justice support transfer also is unpersuasive.  Therefore, the court finds that a transfer is not warranted under the circumstances.

## V.     CONCLUSION

Based on the forgoing, the undersigned finds that Geotech's motion to dismiss, or in the alternative, to transfer venue (doc. 7) is due to be denied.  An order in accordance with this finding will be entered.

**DONE**, this 19th day of May, 2010.

**JOHN E. OTT**
United States Magistrate Judge

17